## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON,                                   CASE NO:  8:21-cv-00370-TPB

      Plaintiff,

v.

ANCHOR INSURANCE HOLDINGS, INC.
NICK W. GRIFFIN, DANIEL S. BOWMAN,
CHRISTOPHER MOENCH and
ANCHOR PROPERTY & CASUALTY
INSURANCE COMPANY

      Defendants.

_____/

### DEFENDANTS' ANSWER AND DEMAND FOR JURY TRIAL

Defendants, ANCHOR INSURANCE HOLDINGS, INC. ("Anchor"), NICK GRIFFIN

("Griffin"), DANIEL BOWMAN ("Bowman"), CHRISTOPHER MOENCH ("Moench"), and

ANCHOR PROPERTY & CASUALTY INSURANCE COMPANY ("Anchor P&C")

(collectively, the "Defendants"), hereby respond to CERTAIN UNDERWRITERS AT

LLOYDS, LONDON ("Lloyds" or "Plaintiff") Amended Complaint for Damages, Recission and

Declaratory Relief as follows:

### ANSWER

Defendants hereby answer the individual allegations set forth in Lloyds Amended Complaint

by responding to the consecutively numbered paragraphs therein as follows:

1. Without knowledge, therefore denied.

2. Admitted.

3. Admitted.

4.   Denied.

5.   Admitted.

6.   Without knowledge.

7.   Admitted that Anchor is a Florida Corporation with its principle place of business in St. Petersburg, Florida. Anchor admits that it has been sued in Pinellas County, Florida, in case number 19-002760-CI. Defendants deny the remaining allegations in this paragraph.

8.   Admitted that Anchor P&C is a Florida Corporation with its principle place of business in St. Petersburg, Florida. Admitted that Anchor P&C is a defendant in litigation with the case number {2018-039891-CA-0}1 in Miami-Dade County, Florida and in the case bearing the case number CACE 19017587 in the Circuit Court in Broward County, Florida. Defendants deny the remaining allegations in this paragraph.

9.   Admitted that Bowman is domiciled in Florida. Admitted that Bowman is a member of Anchor's Board of Directors. Further admitted that Bowman was a manager of THD Enterprises, LLC. and THD Enterprises II, LLC. Defendants deny the remaining allegations in this paragraph.

10.  Admitted that Griffin is domiciled in Florida. Further admitted that Griffin was on Anchor's Board of Directors. Admitted that Griffin was a Managing Director of Directed Capital Resources, LLC. Defendants deny the remaining allegations in this paragraph.

11.  Admitted that Moench is domiciled in Florida. Further admitted that Moench was a Director on Anchor's Board of Directors. Further admitted that Moench

was a manager of THD and THD II. Defendants deny the remaining allegations in this paragraph.

12. Admitted that Anchor, Moench, Griffin and Bowman are defendants in the noted lawsuit. Defendants deny the remaining allegations in this paragraph.

13. Admitted that plaintiffs in the noted lawsuit made the allegations set forth in their Fourth Amended Complaint. Defendants deny the remaining allegations in this paragraph.

14. Admitted that plaintiffs in the noted lawsuit made the allegations set forth in their Fourth Amended Complaint. Defendants deny the remaining allegations in this paragraph.

15. Admitted that plaintiffs in the noted lawsuit made the allegations set forth their Fourth Amended Complaint. Defendants deny the remaining allegations in this paragraph.

16. Admitted that plaintiffs in the noted lawsuit made the allegations set forth in their Fourth Amended Complaint. Defendants deny the remaining allegations in this paragraph.

17. Admitted that plaintiffs in the noted lawsuit made the allegations set forth in their Fourth Amended Complaint. Defendants deny the remaining allegations in this paragraph.

18. Admitted that plaintiffs in the noted lawsuit made the allegations set forth in their Fourth Amended Complaint. Defendants deny the remaining allegations in this paragraph.

19.  Admitted that plaintiffs in the noted lawsuit made the allegations set forth in their Fourth Amended Complaint. Defendants deny the remaining allegations in this paragraph.

20.  Admitted that plaintiffs in the noted lawsuit made the allegations set forth in their Fourth Amended Complaint. Defendants deny the remaining allegations in this paragraph.

21. Denied.

22.  Admitted that Lloyds defended Anchor, Bowman, Moench and Griffin for a time and paid some of the legal expenses incurred. Defendants deny the remaining allegations in this paragraph.

23.  Admitted that Lloyds issued a reservation of rights. Defendants deny or are without knowledge as to the remaining allegations in this paragraph.

24.  Admitted.

25.  Admitted that the noted lawsuit was filed.

26.  Admitted that the complaint in the lawsuit was served on Anchor P&C. Defendants are without knowledge as to the remaining allegations in this paragraph.

27.  Admitted that the noted complaint makes allegations against Anchor P&C. Defendants deny the remaining allegations in this paragraph.

28.  Admitted that the noted lawsuit was filed against Anchor P&C.

29.  Admitted that the noted complaint made allegations concerning Anchor P&C. Defendants deny the remaining allegations in this paragraph.

30.  Admitted that the noted complaint made allegations concerning Anchor P&C. Defendants deny or are without knowledge as to the remaining allegations in this paragraph.

31.  Admitted that the noted complaint made allegations concerning Anchor P&C. Defendants deny the remaining allegations in this paragraph.

32.  Admitted that the noted complaint made allegations concerning Anchor P&C. Defendants deny the remaining allegations in this paragraph.

33.  Admitted that Anchor's CFO signed the noted application. Defendants deny the remaining allegations in this paragraph.

34.  Admitted that the cited language appeared in the application.

35.  Admitted that the cited language appeared in the application.

36.  Admitted that Anchor's CFO placed marks in the "No." boxes in questions 9 and 10. Defendants deny the remaining allegations in this paragraph.

37.  Denied.

38.  Denied.

39.  On information and belief, Defendants admit that the settlement agreement in the noted matter did not involve a release of the Claims against Ekkeko Holdings. Defendants either deny or are without knowledge as to the remaining allegations set forth in this paragraph.

40.  Admitted that Esrick sent defendant Moench an email that contained some of the cited language. Defendants either deny or are without knowledge as to the remaining allegations set forth in this paragraph.

41.  Admitted that Esrick sent an email containing some of the cited language to Moench. Defendants deny the remaining allegations in this paragraph.

42.  Defendants are without knowledge as to allegations set forth in this paragraph and, therefore, deny those allegations.

43.  Denied that the cited letter was sent to Anchor's Board. Admitted that the letter was sent. Defendants deny the remaining allegations in this paragraph.

44.  Denied that the cited letter was sent to Anchor's counsel. Admitted that the noted letter was sent. Defendants deny the remaining allegations in this paragraph.

45.  Denied that the cited letter was sent to Anchor's counsel. Admitted that the noted letter was sent. Defendants deny the remaining allegations in this paragraph.

46.  Admitted that Mr. Esrick resigned as an Anchor Board Member and that some of the quoted language was found in the noted letter.

47.  Admitted that Plaintiff issued the noted Policy to Anchor with the noted effective dates. Defendants are without knowledge as to the remaining allegations set forth in this paragraph and, therefore, deny those allegations.

### Count I

The Court has dismissed Count 1 of Plaintiff's Amended Complaint and, therefore, no response is required. To the extent that the allegations set forth in Count 1 remain viable, Defendants deny those allegations.

### Count II

53. Defendants reallege their responses to paragraphs 1-47.

54. Admitted.

55. Without knowledge, therefore, denied.

56. Denied.

57. Denied.

58. Denied.

59. Admitted that Plaintiff has failed to honor the terms of the Policy. Defendants are without knowledge as to the remaining allegations in this paragraph.

60. Denied.

61. Denied.

### Count III

62. Defendants reallege their responses to paragraphs 1-47.

63. Admitted that the quoted language appears in the D&O section of the Policy.

64. Admitted that Anchor's CFO signed the application.

65. Denied.

66. Denied.

## Counts IV-IX

The Court dismissed Counts IV through IX of Plaintiff's Complaint and, therefore, no response is required. To the extent that the allegations set forth in those counts remain viable, Defendants deny those allegations.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial for all issues so triable.

## DEFENDANTS COUNTERCLAIM AGAINST LLOYDS

Defendants/Counterclaimants Anchor Insurance Holdings, Inc. ("Anchor"), Nick Griffin ("Griffin"), Daniel Bowman ("Bowman"), Christopher Moench ("Moench"), and Anchor Property & Casualty Insurance Company ("Anchor P&C") (collectively, "Counterclaimants") hereby assert their counterclaims against plaintiff/counterdefendant, Certain Underwriters at Lloyds, London ("Lloyds"), and for their causes of action would state as follows:

## GENERAL ALLEGATIONS

1.      This is an action for damages in excess of $75,000, and for declaratory relief.

2.      Jurisdiction exists under 28 U.S.C. Section 1332 because there is complete diversity of citizenship between Counterclaimants and Lloyds and the amount in controversy exceeds $75,000, exclusive of attorney's fees, interest, and cost.

3.      Venue is proper because Lloyds issued and delivered its insurance policy in this district, Anchor's principle place of business is in this district, the individual Counterclaimants reside in this district, and one of the underlying actions is in this district.

4.      Lloyds and, specifically, the syndicates that issued the insurance policy at issue in this case, are citizens of the United Kingdom.

5.      Counterclaimants are citizens of Florida.

6.      On or about November 30, 2018, Lloyds issued Policy number B0621PANCH001718

(the "Policy") to Anchor with the effective dates of November 30, 2018, to November 30, 2019.

A copy of the Policy is attached to Lloyds' Amended Complaint as Exhibit N.

7.      Among other things, the Policy provided directors and officers insurance to Anchor and

other insured persons.

8.      The Policy requires Lloyds to pay any Loss arising from a Claim relating to any

Wrongful Act.

9.      "Wrongful Act" is defined in the Policy as follows:

> **"Wrongful Act"** means any actual or alleged breach of duty, neglect, error, misstatement, misleading statement, omission or act:
>
> 1.   with respect to any **Director** or **Officer** or **Employee** of the **Company**, by such **Director** or **Officer** or **Employee** in his or her capacity as such or any matter Claimed against such **Director** or **Officer** or **Employee** solely by reason of his or her status as such;
>
> 2.   with respect to any **Outside Entity Executive**, by such **Outside Entity Executive** in his or her capacity as such or any matter Claimed against such **Outside Entity Executive** solely by reason of his or her status as such; or
>
> 3.   with respect to Coverage B(i), by the **Company**.

10.     The Policy requires Lloyds to "advance defense costs of such a Claim prior to its final

disposition."

11.     The Counterclaimants, or some of the them, have been sued in three lawsuits. Those

lawsuits are as follows:

> a.   <u>SME lawsuit.</u> Plaintiffs in the SME lawsuit amended their complaint on February 13, 2019, to assert Claims against Anchor, Griffin, Bowman and Moench. That lawsuit is currently pending in Circuit Court in Pinellas County, Florida, Case Number 19-002760-CI. A copy of the operative complaint is attached hereto as Exhibit A.
>
> b.   <u>The Tesini lawsuit.</u> On November 29, 2018, plaintiff in the Tesini lawsuit filed a complaint against Anchor P&C. That lawsuit is currently pending in the Circuit

Court in Miami-Dade County, Florida, Case Number 2018-039891-CA-01. A copy of the Tesini Complaint is attached hereto as Exhibit B.

c.   <u>Alphonso lawsuit.</u> On August 22, 2019, plaintiff in the Alphonso lawsuit filed a complaint against Anchor P&C. That lawsuit is currently pending in the Circuit Court in Broward County, Florida, Case Number CACE19017587. A copy of the complaint in the Alphonso lawsuit is attached hereto as Exhibit C.

12.   The plaintiffs in the SME, Tesini and Alphonso lawsuits allege that the Counterclaimants named in those lawsuits were guilty of "Wrongful Acts," as that term is defined in Lloyds' Policy.

13.   All are conditions precedent to filing this lawsuit have been satisfied.

14.   Counterclaimants demand a trial by jury for all issues so triable.

## Count I

15.   Counterclaimants reallege paragraphs 1 through 14 above.

16.   Counterclaimants, Anchor, Griffin, Bowman and Moench are "Insureds" as that term is defined in the Policy.

17.   The plaintiffs in the SME lawsuit have asserted a "Claim," as that term is defined in the Policy, against Counterclaimants, Anchor, Griffin, Bowman and Moench.

18.   Counterclaimants Anchor, Griffin, Bowman and Moench duly notified Lloyds of the SME lawsuit and have otherwise fulfilled all preconditions required under the Policy to file this lawsuit.

19.   The SME lawsuit asserts that Counterclaimants Anchor, Griffin, Bowman and Moench committed "Wrongful Acts," as that term is defined within the Policy.

20.   Under the Policy, Lloyds has an obligation to defend Counterclaimants Anchor, Griffin, Bowman and Moench against the Claims asserted in the SME lawsuit. Such obligation would include the advance of defense costs of such Claim.

21.     Lloyds originally fulfilled its obligation to defend Counterclaimants Anchor, Griffin, Bowman and Moench, but subsequently declined coverage and has refused to provide a further defense for the SME lawsuit.

22.     By disclaiming coverage and refusing to provide a defense to Counterclaimants Anchor, Griffin, Bowman and Moench, Lloyds breached its agreement with said Counterclaimants.

23.     Counterclaimants Anchor, Griffin, Bowman, and Moench have suffered damages as a result of Lloyds breach of agreement by having to pay their attorney's fees, and litigation costs in defending the SME lawsuit.

     WHEREFORE, Counterclaimants, Anchor, Griffin, Bowman and Moench hereby request that the Court enter a judgment in their favor for the damages they have sustained, plus interest, costs, attorney's fees, and all other such relief as the court deems appropriate.

### Count II

24.     Counterclaimant reallege paragraphs 1 through 14 above.

25.     Lloyds has disclaimed coverage for Counterclaimants, Anchor, Griffin, Bowman and Moench and refused to provide a defense for those Counterclaimants in the SME lawsuit.

26.     As a result of Lloyds conduct, there exists a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Specifically, there is a controversy between the parties as to whether Lloyds should provide a defense for the ongoing SME lawsuit.

     WHEREFORE, Counterclaimants, Anchor, Griffin, Bowman and Moench hereby seek a judgment from the Court declaring that Lloyds has the continuing obligation to provide a defense to those Counterclaimants in the SME lawsuit, and for interest, costs and attorney's fees, and all other remedies that the Court deems appropriate.

**Count III**

27.     Counterclaimants Anchor P&C realleges paragraphs 1 through 14 above.

28.     Anchor P&C is an Insured as that term is defined in the Policy.

29.     The Tesini lawsuit asserts a Claim that Anchor P&C committed "Wrongful Acts" as that term is defined within the Policy.

30.     Anchor P&C duly notified Lloyds of the Tesini lawsuit and has otherwise fulfilled all preconditions required under the Policy to file this lawsuit.

31.     Under the policy, Lloyds has an obligation to defend the Anchor P&C against the claims asserted in the Tesini lawsuit. Such obligation would include the advance of defense costs of such claim.

32.     Lloyds has denied coverage and has refused to provide a defense to the claims made in the Tesini lawsuit.

33.     By disclaiming coverage and refusing to provide a defense to Anchor P&C in the Tesini lawsuit, Lloyds breached its agreement with Anchor P&C.

34.     Anchor P&C has suffered damages as a result of Lloyds breach of agreement by having to pay its attorneys' fees and litigation costs in defending the Tesini lawsuit.

    WHEREFORE, Counterclaimant Anchor P&C hereby requests that the Court enter a judgment in its favor for the damages it has sustained, plus interest, costs, and attorney's fees, and all such other relief as the Court deems appropriate.

**Count IV**

35.     Counterclaimant Anchor P&C realleges paragraphs 1 through 14 above.

36.     Anchor P&C is an Insured as that term is defined by the Policy.

37.     Anchor P&C duly notified Lloyds of the Alphonso lawsuit and has otherwise fulfilled all preconditions required under the Policy to file this lawsuit.

38.     The Alphonso lawsuit asserts that Anchor P&C committed "Wrongful Acts" as that term is defined within the Policy.

39.     Under the Policy, Lloyds has an obligation to defend the Anchor P&C against the claims asserted in the Alphonso lawsuit. Such obligation would include the advance of defense costs of such claim.

40.     Lloyds has denied coverage and has refused to provide a defense to the assertions made in the Alphonso lawsuit.

41.     By disclaiming coverage and refusing to provide a defense to Anchor P&C in the Alphonso lawsuit, Lloyds breached its agreement with Anchor P&C.

42.     Anchor P&C has suffered damages as a result of Lloyds breach of agreement by having to pay its attorneys' fees and litigation costs in defending the Alphonso lawsuit.

    WHEREFORE, Counterclaimant Anchor P&C hereby requests that the Court enter a judgment in its favor for the damages it has sustained, plus interest, costs, and attorney's fees, and all such other relief as the Court deems appropriate.

## Count V

43.     Anchor P&C realleges paragraphs 1 through 14 above.

44.     Lloyds disclaimed coverage and refuses to provide a defense to Anchor P&C in the Tesini Lawsuit.

45.     As a result of Lloyds conduct, there exists a substantial controversy between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

WHEREFORE, Counterclaimant Anchor P&C, hereby requests the Court to enter a judgment in which it declares that Lloyds has the continuing obligation to provide a defense to Anchor P&C in the Tesini lawsuit, and further award interest, costs and attorney's fees, and all other such relief as the Court deems appropriate.

## Count VI

46.     Anchor P&C realleges paragraphs 1 through 14 above.

47.     Lloyds disclaimed coverage and refuses to provide a defense to Anchor P&C in the Alphonso Lawsuit.

48.     As a result of Lloyds conduct, there exists a substantial controversy between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

WHEREFORE, Counterclaimant Anchor P&C, hereby requests the Court to enter a judgment in which it declares that Lloyds has the continuing obligation to provide a defense to Anchor P&C in the Alphonso lawsuit and further award interest, costs and attorney's fees, and all other such relief as the Court deems appropriate.

PARRISH LAW, P.A.

*/s/ Paul E. Parrish*
Paul E. Parrish, Esq.
Florida Bar No.:  373117
1290 Highway A1A, Ste. 101
Satellite Beach, FL 32937
400 N. Ashley Street, Ste. 1900
Tampa, FL 33602
Telephone: (321) 622-4882
Facsimile: (813) 7132-8780
Email:
paul.parrish@theparrishlaw.com
Secondary email(s):
nichole.perez@theparrishlaw.com
patricia.collins@theparrishlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on 10th day of September, 2021, the foregoing was electronically field with the Clerk of the Court using CM/ECF, which will send an electronic copy to Sina Bahadoran and Sergio Bueno of Clyde & Co. US LLP, 1221 Brickell Avenue, Suite 1600, Miami, Florida 33131, at sina.bahadoran@clydeco.us and sergio.bueno@clydeco.us.

*/s/ Paul E. Parrish*
Paul E. Parrish, Esq.