UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON,

    Plaintiff,

vs.                                                  Case No.: 8:21-cv-370-TPB-AEP

ANCHOR INSURANCE HOLDINGS, INC.,
and ANCHOR PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendants.
_____/

## AMENDED FINAL JUDGMENT

Based on the Court's order on cross-motions for summary judgment entered on December 19, 2022 (Doc. 130), and in accordance with the Eleventh Circuit's opinion and mandate (Docs. 151; 155), and following a hearing on the motion to amend filed by Plaintiff Certain Underwriters at Lloyd's, London (Doc. 157),

**IT IS ORDERED** that:

1. Final judgment in favor of Certain Underwriters at Lloyd's London ("Underwriters") on the motion for final summary judgment against Anchor Insurance Holdings, Inc. and Anchor Property & Casualty Insurance Company (collectively, "Anchor") is hereby **GRANTED.**

2. Underwriters are not contractually obligated to provide coverage for Anchor's claims, which were first made before the policy's inception. The remaining arguments in Underwriters' motion for final summary judgment, including

rescission, are moot and there are no other remaining issues in dispute between the parties.

3. Since Underwriters do not have a duty to defend Anchor in the underlying action, they are entitled to reimbursement of all defense fees and costs they incurred defending in the amount of **$452,165.48**. If Anchor has not already paid, Anchor shall pay the judgment within 60 days of entry of this amended final judgment.

4. In addition, Underwriters are entitled to an award of pre-judgment interest on the principal amount of defense expenses described in paragraph 3, from Anchor. Accordingly, the Court awards Underwriters pre-judgment interest from February 16, 2021, through the date of a final judgment in this action based on Florida state's adjusted quarterly interest rates from January 1, 2021, through the date of judgment. The federal interest statute is silent on how to compute pre-judgment interest, so the Court exercises its discretion and finds that Florida state's adjusted quarterly interest rates should be applied.

5. Underwriters are also entitled to an award of post-judgment interest pursuant to 28 U.S.C. § 1961.

6. To the extent Plaintiff seeks an award of attorney's fees and costs under Fed. R. Civ. P. 54(d)(2)(B)(ii), Florida Statute § 768.79, and Local Rule 7.01 based on the proposal for settlement that Anchor rejected, they shall file a motion on entitlement within 14 days after entry of this amended final judgment and a supplemental motion on amount within 45 days after an order determining entitlement, as provided by Local Rule 7.01.

7. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of May, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE